## L. F. CHAMBERLIN

*v.*

## MOSES WHITE.

1. CREDIT *entered on note—right of holder to erase it.* While a suit for the collection of a promissory note was pending, a compromise was effected, whereby the plaintiff agreed to give the defendant a credit of $50 on the note if he would pay it on a specified day, which defendant agreed to do; the credit of $50 was indorsed on the note, and the suit dismissed at plaintiff's costs, according to the agreement. The note was not paid by the defendant on the day specified, and he refused to pay it: *Held,* that the payee of the note was authorized to erase the $50 credit entered on the note.

2. EVIDENCE—*exclusion, even when competent, not necessarily cause for reversal of judgment.* Where the purchaser of land over which a railroad

ran, accepted from the vendor a deed with a reservation of the road bed, and executed a mortgage with a like reservation, and upon the discovery of a mistake in the length of one of the boundary lines in the deed, accepted another deed correcting the mistake but containing the same reservation, in which second deed another mistake in the boundary of the land was afterwards discovered, and a third deed made, with the reservation of the road bed omitted, it was *held*, in a suit upon a note given for the purchase money of the land, that the acceptance by the purchaser of the two deeds, and giving the mortgage with the reservation in all of them, and his pointing out the mistakes in the two deeds but not intimating that there was any error in the reservation, made the first deed the best evidence in regard to the reservation, and that the testimony of the purchaser, that in his original contract of purchase he did not agree to such reservation, would be entitled to no appreciable weight as against the deed, and, therefore, even if such testimony were admissible, its exclusion could do the defendant no harm, and would be no material error.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. BENJAMIN C. TALIAFERRO, and Mr. LOUIS D. HOLMES, for the appellant.

Messrs. PEPPER & WILSON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit to recover the amount due upon a promissory note, made by Chamberlin to White, for $620, bearing date February 12, 1872, and payable on the first day of June, 1873, with interest at the rate of eight per cent per annum. On a trial before the court below, without a jury, White recovered a judgment for $325.30. Chamberlin appealed.

The consideration of the note was the sale of a tract of land by White to Chamberlin. The defense was a partial failure of consideration, in that White had previously sold a quarter of an acre of the land, and that the right of way, amounting to one and one-third of an acre, had been previously granted for the American Central Railroad, which ran across the land.

The failure of consideration as to the one-fourth of an acre

was admitted, and that the value of the quarter of an acre was $15, and it seems to be conceded by appellant that that was allowed for by the judgment.

It appears that, at the same time of giving the note, February 12, 1872, White and wife executed to Chamberlin a warranty deed of the land, which contained an express exception and reservation of the road bed of the American Central Railroad, and all easements of public highways. At the same time, Chamberlin executed to White a mortgage on the land, which contained the same exception and reservation. This warranty deed was recorded Feb. 14, 1872, and the mortgage was recorded Feb. 12, 1872.

After the note became due, a former suit was brought upon it, when it was discovered that there was a misdescription in the deed of a course running 32.60 chains, when it should have been 22.60 chains. Thereupon the suit was dismissed, and a second deed given August 26. 1873, with the right description, as was supposed. This deed contained the like exception and reservation of the railway road bed and easements of highways, as the first one did. This second deed was tendered to Chamberlin, which he at first refused to accept, and suit was again brought on the note. While it was pending, a proposition was made by White's attorney to Chamberlin, that if he would pay the note on the first day of January, 1874, White would give him credit for $50 on the note, and dismiss the suit at his own costs. Chamberlin accepted the proposition. The credit of $50 was given by White, and the suit dismissed at his costs. On the 10th of December, 1873, Chamberlin paid on the note $400. In January, 1874, Chamberlin came back to White's attorney, and said there was a mistake in the second deed: that there was written in one place ninety-seven hundredths chains, when it should be seventy-nine hundredths chains—whereupon another deed was executed by White to Chamberlin. This last deed did not have in it the exception and reservation of the road bed and easements of highways, which the two former ones contained.

Soon after the delivery of this last deed, Chamberlin refused to make any further payment, and, thereupon, the $50 credit upon the note was erased by White's attorney, and this suit brought.

Objection is made that the erasure of this $50 credit on the note was unauthorized.

There is some conflict of testimony as to the precise terms of the agreement under which it was placed upon the note. But the court was warranted in finding, from the evidence, that it was done upon the condition of the payment of the note by Chamberlin on the first day of January, 1874; and Chamberlin having failed therein, and refused to make any further payment on the note, White was justified in making the erasure of the credit, because of the non-performance of the condition upon which it was indorsed.

On the trial, after the introduction in evidence, on the part of White, of the first two deeds and mortgage, Chamberlin was offered as a witness to testify that, in his original contract of purchase, he did not agree that the right of way should be reserved, and that the last deed was the contract in that respect, but the court excluded the evidence.

This is assigned for error.

Chamberlin's positive acts of acceptance and recognition of and acquiescence in the first deed containing an express exception of the road bed of the railway as being true and correct in that respect, shown by his acceptance of the two separate deeds containing such exception, by his giving back a mortgage on the land containing the same exception, by his pointing out defects in each of the two deeds but not intimating that there was any error as to the exception, made that first deed the best evidence in regard to such exception. And Chamberlin's testimony, that in his original contract of purchase he did not agree that the right of way of the railroad should be reserved, should be entitled to no appreciable weight as against the deed. So that, if the testimony offered were

admissible, its exclusion can not be considered as doing the defendant any harm, and was, therefore, no material error.

The third deed was given merely for the purpose of the correction of a misdescription as to boundary, and the omission in it of the reservation which the two previous deeds contained, would seem to have been but an accidental omission.

The judgment will be affirmed.

*Judgment affirmed.*